1   JOHN L. BURRIS (SBN #69888)
    LAW OFFICES OF JOHN L. BURRIS
2   7677 Oakport Street, Suite 1120
    Oakland, California  94621
3   (510) 839-5200; FAX (510) 839-3882
    Email: john.burris@johnburrislaw.com
4
    JAMES B. CHANIN (SBN# 76043)
5   Law Offices of James B. Chanin
    3050 Shattuck Avenue
6   Berkeley, California  94705
    (510) 848-4752; FAX: (510) 848-5819
7   Email: jbcofc@aol.com

8   Attorneys for Plaintiffs

9
                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11

12  THE ESTATE OF JERRY A. AMARO III;    )   CASE NO:  C09-01019 WHA
    GERALDINE MONTOYA; STEPHANIE         )
13  MONTOYA;                             )   **STIPULATION AND [PROPOSED]**
                                         )   **ORDER GRANTING LEAVE FOR**
14            Plaintiffs,                )   **PLAINTIFFS TO FILE FIRST AMENDED**
                                         )   **COMPLAINT FOR DAMAGES**
15  vs.                                  )
                                         )
16                                       )
                                         )
17  CITY OF OAKLAND; RICHARD WORD;       )
    EDWARD POULSON; R. HOLMGREN; S.      )
18  NOWAK; M. BATTLE; E. KARSSEBOOM;     )
    C. BUNN; M. PATTERSON; **T. PENA;**  )
19  individually and in their capacities as members )
    of the CITY OF OAKLAND Police        )
20  Department; DOES 2-100, inclusive,   )
                                         )
21            Defendants.                )
    _____ )
22

23
    Estate of Amaro, et al. v. City of Oakland, et al
24  Case No. C09-01019 WHA
    Stip and [Proposed] Order Granting Leave to File First Amended Complaint For Damages
                                    1

1    THE PARTIES, BY AND THROUGH THEIR RESPECTIVE COUNSEL OF

2    RECORD, DO HEREBY STIPULATE AND AGREE THAT:

3         Plaintiffs shall be given leave to file the First Amended Complaint for Damages which is

4    attached and incorporated herein by reference as Exhibit 1 and that upon entry of the Order

5    granting this Stipulation, said First Amended Complaint for Damages shall be deemed filed.

6    Defendants shall reserve all of their rights and defenses in connection with the filing of said First

7    Amended Complaint for Damages.

8    IT IS SO STIPULATED:

9    Dated: August 28, 2009                    _____/S/_____
                                               JOHN L. BURRIS
10                                             Attorney for Plaintiffs

11   Dated: August 28, 2009                    _____/S/_____
                                               JAMES B. CHANIN
12                                             Attorney for Plaintiffs

13   Dated: August 28, 2009                    _____/S/_____
                                               STEPHEN Q. ROWELL
14                                             Attorney for City of Oakland
                                               Defendants
15
     Dated: August 28, 2009                    _____/s/_____
16                                             JOHN VERBER
                                               Attorney for Defendant
17                                             Edward Poulson

18   PURSUANT TO STIPULATION,
     IT IS SO ORDERED:
19
     Dated: _September 1__, 2009
20                                             WI_____
                                               Judge William Alsup
21                                             Distr

22

23
     Estate of Amaro, et al. v. City of Oakland, et al
24   Case No. C09-01019 WHA
     Stip and [Proposed] Order Granting Leave to File First Amended Complaint For Damages

                                               2

1   JOHN L. BURRIS (SBN #69888)
    LAW OFFICES OF JOHN L. BURRIS
2   7677 Oakport Street, Suite 1120
    Oakland, California  94621
3   (510) 839-5200; FAX (510) 839-3882
    Email: john.burris@johnburrislaw.com
4
    JAMES B. CHANIN (SBN# 76043)
5   Law Offices of James B. Chanin
    3050 Shattuck Avenue
6   Berkeley, California  94705
    (510) 848-4752; FAX: (510) 848-5819
7   Email: jbcofc@aol.com

8   Attorneys for Plaintiffs

9
                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11

12  THE ESTATE OF JERRY A. AMARO III;        )   CASE NO:  C09-01019 WHA
    GERALDINE MONTOYA; STEPHANIE             )
13  MONTOYA;                                 )      **FIRST AMENDED**
                                             )   **COMPLAINT FOR DAMAGES**
14          Plaintiffs,                      )   **(Violation of Civil Rights,**
                                             )    **42 U.S.C. Section 1983)**
15  vs.                                      )
                                             )
16                                           )      **JURY TRIAL DEMANDED**
                                             )
17  CITY OF OAKLAND; RICHARD WORD;           )
    EDWARD POULSON; R. HOLMGREN; S.          )
18  NOWAK; M. BATTLE; E. KARSSEBOOM;         )
    C. BUNN; M. PATTERSON; **T. PENA;**      )
19  individually and in their capacities as members )
    of the CITY OF OAKLAND Police           )
20  Department; DOES 2-100, inclusive,       )
                                             )
21          Defendants.                      )
    _____      )
22

23

24  Estate of Amaro, et al. v. City of Oakland, et al
    Case No. C09-01019 WHA
    First Amended Complaint For Damages                        1

                                                   Exhibit 1

**JURISDICTION AND VENUE**

1.   This complaint arises from the death of JERRY A. AMARO III in Oakland, California.  The complaint seeks remedies pursuant to 42 U.S.C. Section 1983.  Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331 and 1343.

**INTERDISTRICT ASSIGNMENT**

2.   The acts and/or omissions giving rise to plaintiffs' claims occurred within the City of Oakland, County of Alameda, California.  Therefore, venue is proper in the Northern District of California, San Francisco and/or Oakland Divisions pursuant to Local Rule 3-2(d).

**PARTIES**

3.   JERRY A. AMARO III died on or about April 21, 2000, as a result of injuries he sustained during an arrest by the individual defendants that occurred on or about March 23, 2000.  The decedent was not married at the time of his death and died without leaving a will. To the extent that this action seeks to recover damages for the violation of rights personal to the decedent, this action is maintained on behalf of the ESTATE OF JERRY A. AMARO III by his successors in interest, GERALDINE MONTOYA and STEPHANIE MONTOYA. Said plaintiffs are persons with standing to bring the within action pursuant to California Code of Civil Procedure Sections 377.30.and 377.60 and/or California Probate Code Section 6402.

4.   Plaintiff GERALDINE MONTOYA is the natural mother of JERRY A. AMARO III and brings this action in her personal capacity for the violation of her rights under the United States Constitution and/or as successor in interest to the ESTATE OF JERRY A. AMARO III and/or as a person with standing to bring this action under California Code of Civil Procedure Sections 377.30 and 377.60.

5.   Plaintiff STEPHANIE MONTOYA is the sister of JERRY A. AMARO III. JERRY A. AMARO III.  At the time of the decedent's death, Plaintiff STEPHANIE

Estate of Amaro, et al. v. City of Oakland, et al
Case No. C09-01019 WHA
First Amended Complaint For Damages                                    2

MONTOYA was a minor who had resided in the same household of the decedent for the 180 days prior to his death and was dependent upon the decedent for at least on half of her support. Therefore, Plaintiff STEPHANIE MONTOYA has standing to bring this action for the violation of the decedent's Constitutional rights under California Code of Civil Procedure Section 377.60(c).

6.   Defendant CITY OF OAKLAND was at all times mentioned herein, a municipal corporation duly organized and existing under the laws of the State of California.

7.   Defendant RICHARD WORD (hereinafter Defendant WORD) was at all times herein mentioned the Chief of Police for the CITY OF OAKLAND Police Department. Defendant WORD is sued herein in his individual and official capacities.

8.   Defendant EDWARD POULSON (hereinafter Defendant POULSON) was at all times herein mentioned, employed by the CITY OF OAKLAND Police Department and is sued herein in his individual and official capacities.

9.   Defendant R. HOLMGREN (hereinafter Defendant HOLMGREN) was at all times herein mentioned, employed by the CITY OF OAKLAND Police Department and is sued herein in his individual and official capacities.

10. Defendant S. NOWAK (hereinafter Defendant NOWACK) was at all times herein mentioned, employed by the CITY OF OAKLAND Police Department and is sued herein in his individual and official capacities.

11. Defendant M. BATTLE (hereinafter Defendant BATTLE) was at all times herein mentioned, employed by the CITY OF OAKLAND Police Department and is sued herein in his individual and official capacities.

1

2    12. Defendant E. KARSSEBOOM (hereinafter Defendant KARSSEBOOM) was at
all times herein mentioned, employed by the CITY OF OAKLAND Police Department and is
3    sued herein in his individual and official capacities.

4    13. Defendant C. BUNN (hereinafter Defendant BUNN) was at all times herein
5    mentioned, employed by the CITY OF OAKLAND Police Department and is sued herein in
6    his individual and official capacities.

7    14. Defendant M. PATTERSON (hereinafter Defendant PATTERSON) was at all
8    times herein mentioned, employed by the CITY OF OAKLAND Police Department and is
9    sued herein in his individual and official capacities.

10    **15. Defendant T. PENA (hereinafter Defendant Pena) was at all times herein**
**mentioned, employed by the CITY OF OAKLAND Police Department and is sued herein**
11    **in her individual and official capacities**. Defendant Pena is being substituted as the true
12    **name of the Defendant fictitiously named as Doe 1 in the Complaint.**

13    16. Plaintiffs are ignorant of the true names and/or capacities of defendants sued
14    herein as DOES **2** through 20, inclusive, and therefore sues said defendants by such fictitious
15    names. Plaintiffs will amend this complaint to allege their true names and capacities when
16    ascertained. Plaintiffs are informed and believe, and upon such information and belief allege
17    that each of the Doe defendants is legally responsible and liable for the incident, injuries and
18    damages hereinafter set forth, and that each of said defendants proximately caused said
19    incidents, injuries and damages by reason of their negligence, breach of duty, negligent
20    supervision, management or control, battery, violation of constitutional rights, violation of
21    public policy, or by reason of other personal, vicarious or imputed negligence, fault, or breach
22    of duty, whether severally or jointly, or whether based upon agency, employment, ownership,
entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask
23

24    Estate of Amaro, et al. v. City of Oakland, et al
Case No. C09-01019 WHA
First Amended Complaint For Damages                    4

leave to amend this complaint to insert further charging allegations when such facts are ascertained.

17. In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for the CITY OF OAKLAND.

18. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

19. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, employee and/or in concert with each of said other Defendants herein.

**STATEMENT OF FACTS**

20. Defendants CITY OF OAKLAND, RICHARD WORD and other high ranking CITY OF OAKLAND officials have long been on actual notice that members of the CITY OF OAKLAND Police Department, particularly those assigned to narcotics and gang units, repeatedly violated the constitutional rights of citizens by subjecting them to searches and arrests without probable cause, causing citizens to be subjected to excessive force, fabricating information in reports, providing false and/or intentionally misleading information in Internal Affairs investigations and have otherwise caused numerous citizens to be subjected to the violation of their Constitutional rights.

21. Plaintiffs are further informed and believe and thereon allege that said customs, policies, patterns and/or practices are the product of a culture of tolerance in the CITY OF OAKLAND Police Department in which the end result, i.e., an arrest and/or prosecution, by any means necessary (whether lawful or unlawful) became more important than ensuring that the Constitution and legal processes are followed by members of the Oakland Police Department.

Estate of Amaro, et al. v. City of Oakland, et al
Case No. C09-01019 WHA
First Amended Complaint For Damages                                    5

22. Plaintiffs are further informed and believe and thereon allege that as a matter of official policy -- rooted in an entrenched posture of deliberate indifference to the constitutional rights of primarily minority citizens who live, visit and/or travel within Oakland neighborhoods in particular -- defendant CITY OF OAKLAND, RICHARD WORD and/or DOES **2**-100 and/or each of them, allowed citizens, such as the decedent, JERRY A. AMARO III, to be abused by its police officers and turned a blind eye to the promotion and retention of members of the Oakland Police Department who have engaged in such civil rights violations and/or who have encouraged, authorized and/or condoned said practices.

23. As a result of the pre-existing customs, policies, patterns and/or practices of such abuses by members of defendant CITY OF OAKLAND's Police Department, the decedent, JERRY A. AMARO III and Plaintiff GERALDINE MONTOYA were subjected to the violation of their constitutional rights as alleged herein.

24. On or about March 23, 2000, the decedent, JERRY A. AMARO III was arrested **during a reverse drug sting operation that was supervised by Defendant EDWARD POULSON.  Based on the evidence adduced to date, Plaintiffs are further informed and believe and thereon allege that Defendants E. KARSSEBOOM, C. BUNN, M. PATTERSON and/or DOES 2-100 and/or each of them, were assigned as plainclothes undercover officers during the incident.  Plaintiffs are further informed and believe and thereon allege that these officers were assigned to pose as drug dealers and to make sales of "bunk" narcotics to drug users.  Plaintiffs are further informed and believe and thereon allege that once the undercover officers made the sale of the bunk narcotics to the buyer, they were instructed to give a signal to a team of arrest officers who would emerge from an unmarked van to arrest the buyer.**

Estate of Amaro, et al. v. City of Oakland, et al
Case No. C09-01019 WHA
First Amended Complaint For Damages                                    6

25. **Based on the evidence adduced to date, Plaintiffs are informed and believe and thereon allege that Defendants POULSON, R. HOLMGREN; T. PENA and/or DOES 2-100 and/or each of them, were assigned to be the arrest team for the subject reverse drug sting operation. Plaintiffs are further informed and believe and thereon allege that said Defendants were stationed in an unmarked van located in the vicinity of the narcotic sales being conducted by Defendants KARSSABOOM, BUNN, PATTERSON and/or DOES 2-100 and/or each of them.**

26. **Based on the evidence adduced to date, Plaintiffs are further informed and believe and thereon allege that Defendants S. NOWAK; M. BATTLE and/or DOES 2-100 and/or each of them, were assigned primarily as transport officers who would remove the buyers arrested in the reverse drug sting to another location and/or to jail following their arrest.**

27. **Based on the evidence adduced to date, Plaintiffs are informed and believe and thereon allege that decedent JERRY A. AMARO III (hereinafter, decedent) was identified by one of the undercover officers as having purchased bunk narcotics during the subject sting operation and that a signal was given to the arrest team officers who emerged from the unmarked van to arrest the decedent.**

28. **Based on the evidence adduced to date, Plaintiffs are informed and believe and thereon allege that the individual Defendants, including, but not limited to, EDWARD POULSON, R. HOLMGREM; S. NOWAK, M. BATTLE, E. KARSSEBOOM, C. BUNN; M. PATTERSON; T. PENA and/or DOES 2-100, individually and/or while acting in concert with one another, subjected decedent to the violation of his Federal constitutional rights during and/or following his arrest as result of said sting operation, including, but not limited to, by subjecting him to the use of**

Estate of Amaro, et al. v. City of Oakland, et al
Case No. C09-01019 WHA
First Amended Complaint For Damages                                    7

excessive force, by their failure to intervene to stop the use of force on the decedent, by their failure to obtain medical treatment for the decedent's injuries resulting from the use of excessive force and/or by conspiring with other Defendants to conceal the violation of the decedent's constitutional rights and/or by other acts and/or omissions which caused the violation of the decedent's constitutional rights subject to continuing discovery.

29.  Based on the evidence adduced to date, Plaintiffs are informed and believe and thereon allege that said excessive force may have included, but may not have been limited to, tackling and/or otherwise knocking the decedent to the ground; punching, kicking, hitting and/or the use of other physical force on the decedent; and/or otherwise subjecting the decedent to other forms of excessive force during the incident subject to continuing discovery.

30. Based on the evidence adduced to date, Plaintiffs are further informed and believe and thereon allege that despite the use of excessive force on the decedent, none of the individual Defendants wrote any police reports, use of force and/or any other documentation concerning the use of force on the decedent, the injuries sustained by the decedent as a result of the use of force, requests for medical treatment made by the decedent or his complaints of pain, or any other documentation concerning the use of force,  denial of medical treatment to the decedent or his complaints of pain.

31.  Based on the evidence adduced to date, Plaintiffs are informed and believe and thereon allege that the use of excessive force as alleged herein was so extreme that it resulted in severe internal injuries to the decedent which included, but was not limited to, five fractured ribs, the laceration of the decedent's left lung and/or other injuries. Despite the use of excessive force and the injuries sustained by the decedent, and the decedent's repeated complaints about his pain and requests to the officers for medical

Estate of Amaro, et al. v. City of Oakland, et al
Case No. C09-01019 WHA
First Amended Complaint For Damages                                    8

treatment, Plaintiffs are informed and believe and thereon allege that none of the individual Defendants sought medical treatment for the decedent and, instead, he was transported to jail following his arrest.

32. **Based on the evidence adduced to date, Plaintiffs are further informed and believe and thereon allege that despite the serious nature of his injuries, decedent was not given necessary medical treatment while he was incarcerated in the Oakland City Jail following this incident.**

33. **Based on the evidence adduced to date, Plaintiffs are further informed and believe and thereon allege that after the decedent's death, Defendant HOLMGREN initially gave a statement in which he failed to mention that the decedent was punched during the arrest. Plaintiffs are further informed and believe and thereon allege that civilian witnesses reported to the Oakland Police Department that the decedent had been subjected to force during the incident, and that a civilian witness specifically reported that the decedent had been punched during his arrest. Thereafter, Plaintiffs are informed and believe and thereon allege that Defendant HOLMGREN told OPD investigators that he heard and felt the decedent being hit, consistent with being punched, while he was being arrested, but claimed he did not know who punched the decedent. Plaintiffs are further informed and believe and thereon allege that notwithstanding Defendant HOLMGREN'S statement, none of the individual Defendants have ever come forward to admit punching, kicking or hitting the decedent during this incident or seeing any officer who had done so.**

34. At the time of this incident, Plaintiffs are informed and believe and thereon allege that Defendant POULSON was a Lieutenant in the CITY OF OAKLAND Police Department and was the highest ranking member of the police department present during the

arrest of the decedent. Subsequent to this incident, Plaintiffs are informed and believe and thereon allege that Defendant POULSON was promoted to the rank of Captain and also held a high ranking position within the CITY OF OAKLAND Police Department's Internal Affairs division and was responsible for investigating complaints against members of the CITY OF OAKLAND Police Department notwithstanding his own misconduct in this case.

35. Plaintiffs are further informed and believe and thereon allege that the individual Defendants **and/or each of them, individually and/or while acting in concert with one another** conspired with one another to lie about and conceal the use of excessive force on the decedent.

36. Plaintiffs are informed and believe and thereon allege that the decedent suffered in severe pain following this incident and subsequently died as a result of his injuries on or about April 21, 2000.

37. Plaintiffs are further informed and believe and thereon allege that following the death of the decedent, the individual Defendants and/or each of them, continued to conspire to lie about and conceal the use of excessive force on the decedent, including, but not limited to, during investigations of the incident conducted by the CITY OF OAKAND Police Department in the aftermath of the decedent's death.

38. As a direct and proximate result of the conspiracy of the individual Defendants to lie about and conceal the true facts concerning the use of excessive force on the decedent that led to the decedent's death, Plaintiffs were prevented from knowing that the decedent had suffered the violation of his Fourth Amendment right to be free from excessive force during the arrest and/or that the decedent died as a result of the violation of his Constitutional rights. As a result, the Plaintiffs did not know that they and the decedent had actionable claims that could be made as a result of this incident until it was made known in published press reports in late

Estate of Amaro, et al. v. City of Oakland, et al
Case No. C09-01019 WHA
First Amended Complaint For Damages                                    10

January 2009 that Defendant POULSON had been suspended by the CITY OF OAKLAND

Police Department in January 2009 because of an FBI investigation in which it was alleged that

Defendant POULSON had kicked the decedent during the subject incident and directed his

subordinates to lie about it.

39. Prior to this disclosure, Plaintiffs had no ability to obtain the true facts of this

incident and, in fact, despite their due diligence, they could not have learned about the true

facts due to the intentional concealment of the true facts by the individual Defendants and/or

each of them.

40. Plaintiffs are further informed and believe and thereon allege that despite the

fact that defendant CITY OF OAKLAND retained an attorney to independently investigate the

subject incident, defendant CITY OF OAKLAND never notified the Plaintiffs of any such

investigation, nor disclosed any of the true facts of what occurred during the underlying

incident until Plaintiffs discovered the true facts in press reports in January 2009.

41. Furthermore, as a result of the fact that peace officer personnel files and

investigations are "confidential" under California law, the Plaintiffs had no ability to discover

any of the police department records or investigations in this matter and their request for a

copy of the police report of the underlying incident was denied by the CITY OF OAKLAND

Police Department in November 2000.  Therefore, despite Plaintiffs' exercise of due diligence,

they did not, and could not have, discovered the true facts of what occurred and the existence

of their claims for relief, until January 2009.  Accordingly, Plaintiffs allege that this Complaint

has been timely filed and that the doctrines of equitable estoppel and/or fraudulent concealment

operate to bar the defense of the statute of limitations by Defendants in this action.

42. Plaintiffs are further informed and believe and thereon allege that Plaintiff

GERALDINE MONTOYA and the decedent suffered the violation of their/his constitutional

rights as a result of customs, policies, or practices of Defendants CITY OF OAKLAND, RICHARD WORD and/or DOES **2**-100, and/or each of them, individually and/or while acting in concert with one another, including, but not limited to, customs, policies or practices which encouraged, ratified, authorized or condoned the use of excessive force, the fabrication and/or falsification of police reports, lying and concealment of misconduct and/or other conduct which foreseeably resulted in the violation of the rights of the decedent and/or plaintiffs; customs, policies and/or practices of inadequate and/or inappropriate training; customs, policies and/or practices of conducting searches and/or seizures in violation of the United States Constitution; customs, policies and/or practices of inadequate and/or inappropriate supervision, control and/or discipline; customs, policies and/or practices of subjecting minority individuals in Oakland to unnecessary and excessive force, unreasonable seizures and/or disparate and/or discriminatory treatment because of their race, gender and/or age, and/or other customs, policies and practices that caused and/or contributed to the cause of the violation of the constitutional rights and/or other wrongful conduct that occurred in this case subject to continuing discovery.

43. Plaintiffs are further informed and believe and thereon allege that Defendants CITY OF OAKLAND, RICHARD WORD, DOES **2**-100 and/or each of them, tacitly or directly ratified, approved and/or condoned the use of excessive force on the decedent, the denial of medical treatment to the decedent, the lying and concealment of the use of excessive force by the individual Defendants and other misconduct that occurred in this case and/or failed to take any or appropriate remedial action in response to this incident despite the serious nature of the incident and the loss of life that occurred.

44. Plaintiffs are further informed and believe and thereon allege that prior to the subject incident, Defendant CITY OF OAKLAND, RICHARD WORD and/or Does **2**-100

Estate of Amaro, et al. v. City of Oakland, et al
Case No. C09-01019 WHA
First Amended Complaint For Damages                                    12

and/or each of them, knew, or reasonably should have known, that certain members of the CITY OF OAKLAND Police Department, particularly those assigned to drug and gang units, had engaged in a repeated pattern and practice of violating the Constitutional rights of minority citizens living, traveling and/or visiting Oakland and fabricated or falsified information contained in police reports concerning their misconduct.  See, e.g., *Delphine Allen, et al. v. City of Oakland, et al,* C00-4599 TEH (the "Riders Litigation").

45.  Plaintiffs are further informed and believe and thereon allege that despite said prior knowledge, Defendant CITY OF OAKLAND, RICHARD WORD and/or Does **2**-100 and/or each of them, said Defendants ratified and/or approved of the use of force, failure to obtain medical treatment for the decedent and/or fabrication and/or falsification of police reports by the individual Defendants in this case.

## STATEMENT OF DAMAGES

46.   As a result of this incident, Plaintiff GERALDINE MONTOYA sustained damages, and will sustain in the future damages, including, but not limited to, damages for the violation of her right to the familial association with the decedent, loss of the society, comfort, affection, association and support of the decedent; funeral and burial expenses, punitive damages and/or other damages to be determined according to proof.

47.  The Plaintiffs, as the successors in interest to the decedent, may also be entitled to recover damages for the loss of life suffered by the decedent as a result of the subject incident, loss of society, comfort, affection and support, medical and related expenses, punitive damages and/or other damages in amounts to be determined according to proof.

48. Plaintiffs are informed and believe and thereon allege that the acts and/or omissions of the individual Defendants and/or each of them, were, or may have been. intentional, malicious, oppressive and/or done with a conscious or callous disregard for the

safety and/or constitutional rights of the decedent and/or Plaintiffs which may thereby justify an award of punitive or exemplary damages in amounts to be determined according to proof.

49. Plaintiffs will also be entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. Sections 1983, 1985-86, and 1988.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (42 U.S.C. SECTION 1983)
**(Against the Individual Defendants for the Violation of Decedent's Constitutional Rights)**

50. Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through **49**.

51. In doing the acts complained of herein, Defendants EDWARD POULSON, R. HOLMGREN; S. NOWAK; M. BATTLE; E. KARSSEBOOM; C. BUNN; M. PATTERSON**; T. PENA** and/or DOES **2**-100 and/or each of them, individually and/or while acting in concert with one another, did act under color of state law to deprive the decedent, JERRY A. AMARO III, of certain constitutionally protected rights, including, but not limited to, the right not to be deprived of life or liberty without Due Process of Law; the right to be free from unreasonable searches and/or seizures; the right to continued familial relationship, association, comfort, society and affection of the Plaintiffs, the right to be free from discrimination based on race, age and/or gender; and/or the right to Equal Protection of the Law.

52. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

53. As a result of the violation of the decedent's constitutional rights as alleged herein, decedent suffered injuries and damages, including, but not limited to the loss of the enjoyment of life; special damages, including, but not limited to, future income and wage loss; funeral and burial expenses; interference with his right to the familial association, society,

comfort and affection with the Plaintiffs and other general and special damages to be determined according to proof.

54.  Plaintiffs are informed and believe and thereon allege that the acts and/or omissions of Defendants EDWARD POULSON, R. HOLMGREN; S. NOWAK; M. BATTLE; E. KARSSEBOOM; C. BUNN; M. PATTERSON**; T. PENA; DOES 2-100** and/or each of them, were intentional, malicious, oppressive and/or done with a conscious, callous and/or reckless disregard for the rights of the decedent and/or Plaintiffs.  Therefore, Plaintiffs pray for an award of punitive damages in amounts to be determined according to proof.

55.  Plaintiffs are also entitled to recover their attorneys' fees and costs pursuant to 42 U.S.C. Sections 1983, 1988 and/or other applicable law.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SECOND CLAIM FOR RELIEF**
**(42 U.S.C. SECTION 1983)**
**(Against the Individual Defendants for the Violation of Plaintiffs GERALDINE MONTOYA's Constitutional Rights)**

56. Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through **55**.

57.  In doing the acts complained of herein, the individual Defendants,  EDWARD POULSON, R. HOLMGREN; S. NOWAK; M. BATTLE; E. KARSSEBOOM; C. BUNN; M. PATTERSON**; T. PENA** and/or DOES **2**-100 and/or each of them, individually and/or while acting in concert with one another, did act under color of state law to deprive the Plaintiff GERALDINE MONTOYA, as alleged heretofore, of certain constitutionally protected rights, including, but not limited to, the right to continued familial association, society, comfort, affection, support and companionship of the decedent as guaranteed by the Fourteenth Amendment to the United States Constitution.

58.   As a result of the violation of the Plaintiff's constitutional rights as alleged herein, Plaintiff GERALDINE MONTOYA suffered, and will continue to suffer in the future, injuries and damages, including, but not limited to, loss of comfort, affection, society, support, companionship and familial association of the decedent, pain, suffering and emotional distress, funeral and burial expenses, loss of income and/or support, in amounts to be determined according to proof.

59.   Plaintiff is informed and believes and thereon alleges that the acts and/or omissions of Defendants EDWARD POULSON, R. HOLMGREN; S. NOWAK; M. BATTLE; E. KARSSEBOOM; C. BUNN; M. PATTERSON**; T. PENA** and/or DOES **2**-100 and/or each of them, were intentional, malicious, oppressive and/or done with a conscious, callous and/or reckless disregard for the rights of the decedent and/or Plaintiff.  Therefore, Plaintiff prays for an award of punitive damages in amounts to be determined according to proof.

60.   Plaintiff is also entitled to recover their attorneys' fees and costs pursuant to 42 U.S.C. Sections 1983, 1988 and/or other applicable law.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CLAIM FOR RELIEF
### (42 U.S.C. SECTION 1983)
### (ALL PLAINTIFFS AGAINST THE CITY OF OAKLAND, RICHARD WORD, DOES 1-100)

61.   Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through **60**.

62.   As against Defendants CITY OF OAKLAND, RICHARD WORD and/or DOES **2**-100 and/or each of them, the Plaintiffs, and each of them, allege that the violation of the constitutional rights of the Plaintiff GERALDINE MONTOYA and/or decedent as alleged heretofore were caused as a result of customs, policies and/or practices of Defendants CITY OF OAKLAND, RICHARD WORD and/or DOES **2**-100 and/or each of them.

63.  Plaintiffs are further informed and believe and thereon allege that prior to the subject incident, Defendant CITY OF OAKLAND, RICHARD WORD and/or DOES **2**-100 and/or each of them, were on actual notice of customs, policies, patterns and practices by members of the CITY OF OAKLAND Police Department, including, but not limited to, policies which caused citizens to subjected to unreasonable seizures, the use of excessive force, disparate and/or discriminatory treatment based on race, gender and/or age and/or the fabrication and/or falsification of police reports.

64.  Plaintiffs are further informed and believe and thereon allege that despite said notice, Defendants CITY OF OAKLAND**,** RICHARD WORD and/or DOES **2**-100 and/or each of them, failed to take any or appropriate remedial action to prevent ongoing violations of the rights of citizens by members of its police department to prevent ongoing incidents involving unreasonable seizures, the use of excessive force and/or disparate and/or discriminatory treatment based on age, race and/or gender and/or the falsification and/or fabrication of police reports.

65.  Plaintiffs are further informed and believe and thereon allege that Defendants CITY OF OAKLAND, RICHARD WORD and/or DOES **2**-100 and/or each of them, knew and/or reasonably should have known, that Defendants EDWARD POULSON, R. HOLMGREN; S. NOWAK; M. BATTLE; E. KARSSEBOOM; C. BUNN; M. PATTERSON**;** **T. PENA** and/or DOES **2**-100 and/or each of them, had engaged in prior misconduct during and following this incident, but failed to take any or appropriate remedial action.

66.  Plaintiffs are further informed and believe and thereon allege that Defendant CITY OF OAKLAND, RICHARD WORD and/or DOES **2**-100 and/or each of them, ratified, approved and/or condoned the violation of the constitutional rights of the decedent and/or Plaintiffs as alleged herein.  In particular, Plaintiffs are informed and believe and thereon

allege that none of the officers involved in this incident who failed to document the use of force on the decedent where terminated by the CITY OF OAKLAND Police Department notwithstanding regulations that provided for termination for untruthfulness.  Plaintiffs are further informed and believe and thereon allege that notwithstanding his misconduct in this case, Defendant POULSON was promoted to Captain and placed into a high ranking position in the CITY OF OAKLAND Police Department's Internal Affairs unit where he was responsible for investigating complaints of officer misconduct.

67.  As a result of the aforesaid customs, policies, practices and/or ratification of constitutional violations as alleged herein by Defendants CITY OF OAKLAND, RICHARD WORD and/or DOES **2**-100 and/or each of them, Plaintiff GERALDINE MONTOYA and/or decedent suffered the violation of their constitutional rights, including, but not limited to, the right to the right of the Plaintiff and decedent to the continued familial association, society, comfort, affection, support and companionship between said Plaintiffs and decedent, the right to be free from unreasonable seizures, the right to privacy and personal security, the right not to be deprived of life or liberty without Due Process of Law and/or the Right to Equal Protection of the Law which are guaranteed by the Fourth and/or Fourteenth Amendments to the United States Constitution.

68.  As a result of the violation of the Plaintiff's and/or decedent's constitutional rights as alleged herein, Plaintiffs suffered, and will continue to suffer in the future, injuries and damages, including general and special damages as more particularly described hereinabove and herein below.

69.  Plaintiffs are also entitled to recover their attorneys' fees and costs pursuant to 42 U.S.C. Sections 1983, 1988 and/or other applicable law.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

Estate of Amaro, et al. v. City of Oakland, et al
Case No. C09-01019 WHA
First Amended Complaint For Damages                                           18

**JURY TRIAL DEMAND**

70. Plaintiffs hereby demand a jury trial.

**PRAYER**

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1.      General damages in the amount of $10 million dollars or in an amount to be determined according to proof;

2.      Special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses, funeral and burial expenses and/or other special damages in amounts to be determined according to proof;

3.      Attorneys' fees pursuant to statutes;

4.      Costs of suit;

5.      Punitive and exemplary damages in amounts to be determined according to proof against the individual Defendants EDWARD POULSON, R. HOLMGREN; S. NOWAK; M. BATTLE; E. KARSSEBOOM; C. BUNN; M. PATTERSON**; T. PENA** and/or DOES **2**-100 and/or each of them and/or each of them;

6.      For prejudgment interest as permitted by law;

7.       For such other and further relief as the Court may deem just and proper.


August 27, 2009                              _____ /S/ _____
                                             JOHN L. BURRIS
                                             Attorney for Plaintiffs


August 27, 2009                              _____ /S/ _____
                                             JAMES B. CHANIN
                                             Attorney for Plaintiffs

Estate of Amaro, et al. v. City of Oakland, et al
Case No. C09-01019 WHA
First Amended Complaint For Damages                                    19