JOHN L. BURRIS (SBN #69888)
LAW OFFICES OF JOHN L. BURRIS
7677 Oakport Street, Suite 1120
Oakland, California 94621
(510) 839-5200; FAX (510) 839-3882
Email: john.burris@johnburrislaw.com

JAMES B. CHANIN (SBN# 76043)
JULIE M. HOUK    (SBN# 114968)
Law Offices of James B. Chanin
3050 Shattuck Avenue
Berkeley, California 94705
(510) 848-4752; FAX: (510) 848-5819
Email: jbcofc@aol.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF JERRY A. AMARO III; GERALDINE MONTOYA; STEPHANIE MONTOYA;<br><br>    Plaintiffs,<br><br>vs.<br><br><br><br>CITY OF OAKLAND, et al.,<br><br>    Defendants. | CASE NO: C09-01019 WHA<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DEFENDANT POULSON'S FURTHER DEPOSITION AND, IN THE ALTERNATIVE, BARRING HIM FROM TESTIFYING AND/OR OFFERING DECLARATIONS ABSENT A WAIVER OF HIS FIFTH AMENDMENT TESTIMONIAL PRIVILEGE** |

Estate of Amaro, et al. v. City of Oakland, et al., Case No. C09-01019 WHA     1
[Proposed] Order Granting Plaintiffs' Motion to Compel and/or Bar Testimony

On November 6, 2009, Plaintiffs' motion to compel the further deposition testimony of Defendant Edward Poulson and/or to bar his testimony as to any matters upon which he invoked his Fifth Amendment privilege, came regularly on for hearing before the Honorable William H. Alsup.  Plaintiffs appeared through their counsel, James B. Chanin, and Defendant Edward Poulson appeared through his counsel, James Higa.  Having considered the letter brief of Defendant Poulson's counsel dated September 17, 2009, the letter brief of Plaintiffs' counsel dated November 2, 2009, which framed the discovery dispute, the argument of counsel for the parties, and for good cause shown, the Court makes the following findings and Orders:

WHEREAS,  Defendant Edward Poulson invoked his Fifth Amendment testimonial privilege at his deposition on September 23, 2009, and declined to testify as to any matter relating to the subject matter of this litigation, including, but not limited to, the arrest of Jerry A. Amaro III on March 23, 2000, Mr. Amaro's death on April 21, 2000, any matter related to the subsequent Oakland Police Department homicide and internal affairs investigations into the arrest and death of Mr. Amaro, or to any matter concerning any subsequent federal investigations into Mr. Amaro's arrest and death; and,

WHEREAS, Plaintiffs will suffer substantial prejudice if they are not allowed to depose Defendant Poulson on these subjects prior to trial, expert witness disclosure, other Case Management deadlines and any dispositive motions brought by the defense;

IT IS HEREBY ORDERED THAT counsel for Defendant Edward Poulson shall have until the close of business on December 1, 2009, to advise the Court and Plaintiffs' counsel whether Defendant Poulson intends to waive his Fifth Amendment testimonial privilege.  In the event that Defendant Poulson agrees to waive his Fifth Amendment privilege, he shall appear for a further deposition on or before December 13, 2009, and shall testify with regard to any and all

matters related to the subject matter of this litigation, including, but not limited to, the arrest and death of Mr. Amaro and the subsequent investigations by the Oakland Police Department and federal agencies.

IT IS HEREBY FURTHER ORDERED THAT in the event that Defendant Poulson does waive his Fifth Amendment privilege as stated above, the Court may consider extending the deadline for Rule 26 expert disclosures which is currently set for December 31, 2009.

IT IS HEREBY FURTHER ORDERED THAT in the event that Defendant Poulson does not agree to waive his Fifth Amendment testimonial privilege by the close of business on December 1, 2009, he shall be barred from testifying at any proceedings in this case, including at trial, and shall be barred from filing any declarations or affidavits in lieu of his testimony, on any matter upon which he has invoked his Fifth Amendment testimonial privilege.

IT IS HEREBY FURTHER ORDERED THAT in the event that Defendant Poulson does not waive his Fifth Amendment privilege, this Order shall be without prejudice to Plaintiffs filing appropriate motions at trial requesting that the jury be instructed that adverse inferences may be drawn from Defendant Poulson's invocation of his Fifth Amendment privilege.

IT IS SO ORDERED:

Dated: November 9, 2009



_____
WILLIAM ALSUP
Judge of the United States District Court

Approved as to Form:

Dated: November 6, 2009

_____
JAMES HIGA
Attorney for Defendant Poulson